IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAHMOOD I. ALYSHAH,

   Plaintiff,

    v.

STATE OF GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-0930-TWT

ORDER

This is a *pro se* civil rights action. It is before the Court on Defendant State of Georgia's Motion to Dismiss [Doc. 3] and the Plaintiff's Motion to Strike [Doc. 6]. For the reasons set forth below, the Defendant's motion is GRANTED and the Plaintiff's motion is DENIED.

I. BACKGROUND

On April 18, 2006, the Plaintiff, Mahmood Alyshah, filed this lawsuit against the State of Georgia, as well as Gwinnett County and DeKalb County. This is one of several lawsuits filed by the Plaintiff arising out of the State Bar's efforts to prevent him from engaging in the unauthorized practice of law. In this lawsuit, the Plaintiff alleges that "[t]his is the Civil Rights Action challenging the constitutionality of the false imprisonment, false arrest and home invasion due to unconstitutional court order

against the Plaintiff without any summons and charges against the Plaintiff and without any judicial court trial against the Plaintiff." (Compl., p. 1-2.) The Plaintiff asserts nine separate causes of action pursuant to 42 U.S.C. §§ 1981, 1983, 1986, and 1988. The Plaintiff also asserts state tort claims for "Negligent Infliction of Emotional Distress" and "Intentional Infliction of Emotional Distress." On May 5, 2006, Defendant State of Georgia moved to dismiss all claims. The Plaintiff then filed a motion to strike the Defendant's motion to dismiss.

II. DISCUSSION

A. Defendant's Motion to Dismiss

1. Standard of Review

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied,

474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

### 2. Federal Claims

The Plaintiff asserts claims against the State of Georgia for alleged civil rights violations under 42 U.S.C. §§ 1981, 1983, 1986, and 1988. All of these claims are barred by Eleventh Amendment immunity. The Eleventh Amendment protects a state from being sued in federal court without the state's consent, including suits against the state by its own citizens. Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1303 (11th Cir. 2005); Manders v. Lee, 338 F.3d 1304, 1308 n.8 (11th Cir. 2003) (en banc). In order for a state to waive its immunity, it must do so expressly. Edelman v. Jordan, 415 U.S. 651, 673 (1974); Gamble v. Florida Dep't of Health and Rehab. Serv., 779 F.2d 1509, 1512 (11th Cir. 1986). Such consent is evidenced only by an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 at n.1 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). The State of Georgia has not waived its Eleventh Amendment immunity. In fact, it has stated exactly the opposite. See O.C.G.A. § 50-21-23(b). The Plaintiff's federal claims against the State of Georgia must be dismissed.

3. <u>State Law Claims</u>

The Plaintiff originally alleged state law claims for negligent infliction of emotional distress and intentional infliction of emotional distress.  However, in his motion to strike, the Plaintiff appears to assert that he is bringing only civil rights claims under the United States Constitution.  In either event, the Plaintiff's claims are barred by sovereign immunity as well as the Eleventh Amendment.  In November of 1990, the voters of the State of Georgia approved an amendment to Article I, Section II, Paragraph IX of the Georgia Constitution enabling the General Assembly to waive the state's sovereign immunity by enacting a Tort Claims Act, which the General Assembly then passed in 1992.  <u>See</u> <u>Datz v. Brinson</u>, 208 Ga. App. 455, 455-56 (1993).  However, in passing the Georgia Tort Claims Act ("GTCA"), the General Assembly declared as a matter of public policy "that the state shall only be liable in tort actions within the limitations of this article and in accordance with the fair and uniform principles established in this article."  O.C.G.A. § 50-21-21(a).  The GTCA specifically preserves the State's sovereign immunity from suit for tort claims filed in the federal courts.  <u>See</u> O.C.G.A. § 50-21-23(b).  The State has similarly preserved its Eleventh Amendment immunity.  <u>See</u> <u>Robinson v. Georgia Department of Transportation</u>, 966 F.2d 637, 640 (11th Cir. 1992) (holding that Georgia's waiver of sovereign immunity in state courts does not waive its Eleventh Amendment

immunity).  Because the State of Georgia has not waived sovereign immunity or Eleventh Amendment immunity, this Court lacks jurisdiction to entertain the Plaintiff's state law claims.

    B. <u>Plaintiff's Motion to Strike</u>

The Plaintiff has also filed a motion to strike the Defendant's motion to dismiss. Federal Rule of Civil Procedure 12(f) provides that "upon motion made by a party...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As explained in <u>Lowery v. Hoffman</u>, 188 F.R.D. 651, 653 (M.D. Ala. 1999):

> The terms of [Rule 12(f)] make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37 [2] (3d ed.1999). Therefore, as an initial matter, the motion to strike must be denied as to all non-pleadings....

<u>See also</u> <u>Knight v. U.S.</u>, 845 F. Supp. 1372, 1374 (D. Ariz. 1993), <u>aff'd</u>, 77 F.3d 489 (9th Cir. 1996) (holding that a plaintiff's motion to strike the defendant's motion for summary judgment was improper).  Thus, because the Defendant's pre-answer motion to dismiss is not a "pleading" within the meaning of Rule 12(f), the Plaintiff's motion to strike must be denied.  The Court will, however, consider it as a response to the motion to dismiss.

### III. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 3] is GRANTED and the Plaintiff's Motion to Strike [Doc. 6] is DENIED.

SO ORDERED, this 1 day of September, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge